Opinion filed November 14, 2019



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00315-CR

_____

## JOE DARRYL HUGHES A/K/A JOE HUGHES A/K/A JOE DOYLE HUGHES, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 13506-D**

### M E M O R A N D U M   O P I N I O N

Appellant has filed an untimely pro se notice of appeal from a judgment of conviction for the offense of possession of methamphetamine.  Pursuant to the terms of a plea agreement, the trial court assessed Appellant's punishment at confinement for six years, suspended the imposition of the sentence, placed Appellant on

community supervision for a term of six years, and imposed a fine of $1,000. We dismiss the appeal.

The documents on file in this appeal indicate that Appellant's sentence was imposed on March 28, 2019, and that a motion requesting an appeal was filed in the district clerk's office on October 23, 2019. When the appeal was filed in this court, we notified Appellant, via his counsel, that the trial court had certified that this was a plea-bargain case in which Appellant had no right of appeal. We requested that Appellant respond to our letter and show grounds to continue. Appellant has not filed a response.

Pursuant to the Texas Rules of Appellate Procedure, a notice of appeal is due to be filed either (1) within thirty days after the date that sentence is imposed or suspended in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed or suspended in open court. TEX. R. APP. P. 26.2(a). A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). The documents on file in this court reflect that Appellant's notice of appeal was filed with the clerk of the trial court 209 days after the sentence was suspended in open court. The notice of appeal was therefore untimely.

Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain this appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993). Furthermore, we are not authorized to grant Appellant's request for an out-of-time appeal. *See Slaton*, 981 S.W.2d at 210. Moreover, the trial court's certification reflects that this is a plea-bargain case and that Appellant has no right of appeal. Thus, even if Appellant had timely perfected an appeal, this appeal would have been prohibited by Rule 25.2 of the Texas Rules of Appellate Procedure, which

provides that an appellate court must dismiss an appeal without further action when there is no certification showing that the defendant has the right of appeal. TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); *see Dears v. State*, 154 S.W.3d 610, 613–14 (Tex. Crim. App. 2005).

This appeal is dismissed for want of jurisdiction.

PER CURIAM

November 14, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.